EDMUND WILSON, ATTORNEY-GENERAL, INFORMANT, v.
MORRIS RAILROAD COMPANY, RESPONDENT.

Argued February term, 1912—Decided June 4, 1912

Before Justices BERGEN, VOORHEES and KALISCH.

For the informant, *Robert H. McCarter, Edward K. Mills,
Kinsley Twining* and *Arthur F. Egner.*

For the respondent, *Alan H. Strong.*

PER CURIAM.

The defendant company was organized under the General
Railroad act, and its route, as described in its articles of
incorporation, filled in a gap existing between two *termini* of
the railroad of the Morristown Traction Company, a dis-
tance of a trifle over two miles. It is admitted that the route
of the defendant company is substantially that which was
abandoned by the traction company, between its *termini* at
Morristown and Summit, for the reason that it could not
obtain the requisite municipal consents from the township of
Morris, town of Morristown and township of Florham Park,
through which the traction company had intended to build a
street railway connecting the aforesaid *termini,* and it is
not denied that the defendant company intends, among other
things, to carry passengers between the two *termini* of the
traction company's line.

The attorney-general filed this information in the nature of *quo warranto,* questioning the right of the defendant to exercise its franchise conferred by the act under which it is incorporated, upon the ground that the defendant company had been, and was proposing, to exercise its franchises in fraud of the Railroad act. The respondent, by its pleas, denied the facts set forth in the information, and the issue thus presented was resolved by a jury in favor of the respondent. On the application of the informant a rule to show cause why the verdict should not be set aside was allowed which it is now moved be made absolute, for which a number of reasons are urged, the most important of which is that the verdict is against the weight of the evidence.

The trial court submitted to the jury the question of fact whether the railroad company was organized as a *bona fide* and independent concern, distinct from the traction company for the purpose of running a railroad under the general railroad law, or whether it was a creature of the traction company organized by that company for the purpose of evading the requirements of the traction law and to enable it to build its uncompleted link without municipal consent, and he instructed the jury that if they found the latter proposition to be true the informant was entitled to the verdict. There are a great many circumstances from which an inference may well be drawn that this railroad company was organized through the procurement and by the agency of the traction company for the purpose of acquiring the right of way which they had been unable to acquire under the traction company charter, and in support of this the informant urges that the original traction route covered the route of the new railroad company, and that it was its manifest intention to complete its entire line; that it commenced condemnation proceedings for that purpose which failed; that it abandoned a portion of its right of way immediately previous to its absorption by the railroad company, and that the incorporators of the railroad company were persons without the means to build the railroad. There are other facts which tend to bear out the claim of the informant. Against

this was the denial of every one of the incorporators under oath that the railroad company was organized as the agent of the traction company, and they also testified that finding it was impossible for the traction company to secure the municipal consent they considered it a good business enterprise to build a railroad between the two *termini* of the traction company. Whether that was good business judgment is not important in the consideration of this question, for if they had a lawful right to build the road, the success or non-success of the venture would not affect the *bona fides* of the enterprise. The case was very carefully tried and the questions at issue submitted to the jury with extreme particularity by the trial court. It was a question of fact, and the testimony was not so preponderating in favor of the informant as to justify this court in holding that the verdict was against the weight of the evidence. The informant devotes a considerable portion of his brief to the discussion of the right of the attorney-general to file this information, but as the respondent does not question that right, it is not necessary for us to pass upon it.

The informant also urges that the trial court erred in refusing to correct the effect of an alleged misstatement of fact and law made by counsel in opening respondent's case. When the attention of the judge was called to the matter he replied that he had heard no misstatement of fact, and he saw no objection in counsel putting to the jury what he thought the law was. An examination of the record seems to show that counsel was stating what he expected to prove, but in any event, reading all that was said by court and counsel on both sides, the jury could not have been influenced or misled by what took place.

Another point made by the informant is that evidence was improperly excluded. This is based upon an offer to show that Mr. King, counsel of the traction company, had said that if the borough of Chatham did not give the traction company a franchise they intended to incorporate under the General Railroad act. As the present company had not then been organized, it would not be bound by what Mr. King said

another company proposed to do, and its exclusion was not error.

The exceptions taken to the charge of the court have no legal foundation. They were mere expressions of opinion or comments on the evidence.

The rule should be discharged, and it is so ordered.